UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STEVEN HAYNES** | : | **DOCKET NO. 18-cv-1542** |
| REG. # 06238-078 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **U.S. DEP'T OF JUSTICE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an amended petition for writ of habeas corpus filed by *pro se* petitioner Steven Haynes. Doc. 9. Haynes is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana, but complains of events that occurred while he was at the Federal Prison Camp in Pensacola, Florida ("FPCP"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

The factual background for Haynes's claims, which challenge a prison disciplinary proceeding against him at FPCP, is set forth in our preceding memorandum order. *See* doc. 8. There we noted that Haynes challenged his prison disciplinary proceedings based on alleged violations of the Fourth, Fifth, Sixth, and Eighth Amendments. We explained that Haynes could not prevail under § 2241 based on the first three claims because they referenced rights that only attached in criminal prosecutions. *Id.* In order to show a right to relief from his prison disciplinary proceeding under § 2241, we noted, Haynes must instead allege a violation of the minimum due process guarantees set forth in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974) and *Superintendent,*

*Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985).[1] *Id.* Additionally, although Eighth Amendment rights also attach to prison disciplinary proceedings, Haynes's challenge to the sanctions imposed, without a cognizable claim relating to the due process he was afforded, is an attack on the conditions of his confinement and not cognizable under § 2241. *See, e.g.*, *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention."); *Lineberry v. United States*, 380 Fed. App'x 452, 453 (5th Cir. 2010) (noting that conditions of confinement claim, even though stemming from a disciplinary proceeding, would not entitle petitioner to accelerated release and must therefore be raised in a civil rights action).

Haynes has responded with an amended complaint and memorandum, continuing to allege the above civil rights violations and making no challenge under *Wolff*'s minimum due process guarantees. He therefore fails to state a claim cognizable under § 2241. For the reasons provided above and in our preceding memorandum order, **IT IS RECOMMENDED** that Haynes's petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** under Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

---

[1] For a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80. Haynes does allege that the incident report was "insufficient," but only because he alleges that there is "no probable cause for the incident [and] no factual evidence" that he committed the charged offense. Doc. 9, att. 1, p. 4. However, he fails to show that he did not receive adequate notice of the charge and his challenge to the factual support for same does not show that the DHO lacked "some evidence" on which to base his ruling. *See id.* at 4–5.

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 6th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE